THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Appellant,
v.
Joseph Leon Zoller, Respondent.
 
 
 

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2011-UP-442
Submitted October 1, 2011  Filed October
 11, 2011 

AFFIRMED

 
 
 
J. Benjamin Aplin, of Columbia, for
 Appellant.
Appellate Defender Kathrine Hudgins, of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Joseph
 Leon Zoller pled guilty to second-degree criminal sexual conduct with a minor
 (CSC) and was sentenced to five years' imprisonment in May 1996.  After serving
 eighty-five percent of his sentence, Zoller was released from prison and began a
 community supervision program (CSP).  Subsequently, the circuit court revoked Zoller's
 CSP several times and ordered a period of incarceration for each revocation.  On
 March 17, 2008, the circuit court again revoked Zoller's CSP, sentenced
 him to one year of imprisonment, and imposed lifetime electronic monitoring.  On
 March 4, 2009, the circuit court issued an order releasing Zoller from imprisonment
 pursuant to State v. McGrier[1] because Zoller had served an additional 1,313 days' imprisonment beyond his
 original five-year sentence.  The circuit court's order also vacated the
 previous circuit court order imposing lifetime electronic monitoring and
 dismissed the arrest warrant for violating the terms and conditions of his
 electronic monitoring.  The State appeals this order.[2]  We affirm.[3] 
CSC is considered a "no parole" offense, and
 therefore, a person convicted must serve eighty-five percent of the "actual
 term of imprisonment imposed" before becoming eligible for CSP.  S.C. Code
 Ann. § 24-13-150(A) (Supp. 2010).  In addition, a person convicted of a "no
 parole" offense must complete CSP upon release from imprisonment.  S.C.
 Code Ann. § 24-21-560(A) (2007).  CSP can last no longer than two continuous
 years.  § 24-21-560(B) (Supp. 2010). "A prisoner who is sentenced for
 successive revocations of the community supervision program may be required to
 serve terms of incarceration for successive revocations . . . and may be
 required to serve additional periods of community supervision for successive
 revocations . . . ."  § 24-21-560(D) (Supp. 2010).  "The maximum
 aggregate amount of time a prisoner may be required to serve when sentenced for
 successive revocations may not exceed an amount of time equal to the length of
 incarceration imposed limited by the amount of time remaining on the original 'no
 parole offense.'"  Id.  "The prisoner must not be incarcerated
 for a period longer than the original sentence."  Id.  
We find the circuit court properly vacated the
 previous circuit court order imposing lifetime electronic monitoring.  Zoller was no longer subject to CSP or any of its
 direct or collateral consequences at the time of the March 2008 hearing because
 Zoller had served the entirety of his five-year sentence by October 2003. 
 Here, Zoller served the requisite eighty-five percent of his five-year sentence
 from May 8, 1996, to May 12, 2000.  During this initial incarceration, Zoller
 served 1,678 days of his 1,825-day sentence.  Upon his release from jail in
 2000, Zoller only had 147 days remaining on his sentence.  On June 2, 2003, the
 circuit court revoked Zoller's CSP and sentenced him to one year of
 imprisonment.  Zoller was released on April 30, 2004, after serving 335 days,
 which was 188 days in excess of his five-year sentence.  See State v.
 McGrier, 378 S.C. 320, 331-32, 663 S.E.2d 15, 21 (2008) (holding
 section 24-21-560(D) limits the amount of time a prisoner can be incarcerated
 after a CSP revocation to the length of the remaining balance of the sentence
 for the "no parole offense" and noting the sentence for a CSP
 revocation cannot exceed the "aggregate period of time that extended
 beyond the unsuspended portion of the original sentence").  Because Zoller
 was no longer subject to CSP or any of its direct or collateral consequences at
 the time of the March 2008 hearing, Zoller could not be subject electronic
 monitoring or any violations arising out of the improper imposition of electronic
 monitoring. Thus, the arrest warrant was also invalid.  
 AFFIRMED.
HUFF,
 PIEPER, and LOCKEMY, JJ., concur. 

[1] 378 S.C. 320, 663 S.E.2d 15 (2008). 
[2] We find the State's argument concerning whether McGrier applies to collateral consequences of CSP revocations is immaterial to this
 case.  The supreme court did not draw any distinction between direct or
 collateral consequences of CSP violations in McGrier. Furthermore, the
 issue of whether the rule in McGrier applies to collateral consequences
 is irrelevant here.  No direct or collateral consequences of CSP revocations
 could apply to Zoller because Zoller was no longer subject to CSP at the time
 of the March 2008 hearing. 
[3] We decide this case without oral argument pursuant to
 Rule 215, SCACR.